## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DALE ANTWUN DAVIS,

      Petitioner,

-vs-                                       Case No.  8:13-CV-1151-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a conviction for first degree murder entered in 1994 by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1).  Petitioner also filed an Affidavit of Indigency in which he requests to proceed in this action *in forma pauperis* (Dkt. 2).

Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof.  *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b).  *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998).

Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner has previously sought federal habeas relief in this Court regarding the conviction he challenges in this action. *See Davis v. Secretary, Department of Corrections*, 8:98-cv-13-T-23MSS (M.D. Fla. 1998) (petition dismissed as time-barred June 15, 2000). Therefore, this is a second or successive petition.[1]

 Consequently, pursuant to 28 U.S.C. § 2244(b)(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application.  Therefore, this Court is without jurisdiction to

---

[1]The dismissal of Petitioner's previous § 2254 petition as time-barred constituted an adjudication on the merits that renders the instant petition "second or successive." *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (deciding that when first § 2254 petition was dismissed as time-barred, later petition is successive); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (previous § 2254 petition dismissed as untimely constitutes a prior application adjudicated on the merits under § 2244(b)); *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be "second or successive" for purposes of 28 U.S.C. § 2244(b)."); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements."); *Stokes v. C.O.I Gehr*, 399 Fed. Appx. 697, 700 fn.2 (3d Cir. 2010) (unpublished) ("A motion under § 2254 would be 'second or successive' because Stokes' first such petition was dismissed as untimely. . . .").

consider the petition,[2] and this case will be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1.   Petitioner's petition (Dkt. 1) is **DISMISSED** without prejudice.

2.   The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3.   The **Clerk** shall terminate any pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

Because the petition is successive as defined by § 2244(b)(3)(A), the Court declines to issue a certificate of appealability  pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 1, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner

---

[2]*See Wells v. AG*, 2012 U.S. App. LEXIS 7542, at *4 (11th Cir. Apr. 16, 2012) (unpublished) (district court must dismiss second or successive § 2254 petition for  lack of jurisdiction unless the prisoner has obtained an order from court of appeals authorizing the district court to consider it).